IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-77,038-01




EX PARTE WILLIAM LESLIE NEAL, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR10722 IN THE 355TH DISTRICT COURT
FROM HOOD COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and assault and sentenced to imprisonment for life and 99 years, respectively. The Second Court of
Appeals affirmed his convictions. Neal v. State, No. 02-08-00266-CR (Tex. App.—Fort Worth
2009, pet. ref’d).
            Applicant contends, among other things, that trial counsel rendered ineffective assistance. 
On October 24, 2012, we remanded this application and directed the trial court to order counsel to
respond to “each of Applicant’s ineffective assistance of trial counsel claims.” On January 7, 2013,
we received counsel’s response with the supplemental record. In a sworn affidavit, counsel said he
interviewed Applicant and prepared for trial, he read the State’s file and interviewed available
witnesses, he prepared Applicant’s sister for her testimony, he defended Applicant aggressively, and
he made as many objections that tactical prudence would allow. The trial court made findings of fact
and conclusions of law and recommended that we deny relief. Counsel has not responded to each
of Applicant’s claims. Accordingly, the trial court shall order him to do so. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            After reviewing counsel’s second response, the trial court shall make further findings of fact
and conclusions of law as to whether counsel’s conduct was deficient and, if so, Applicant was
prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
Filed: November 27, 2013
Do not publish